Filed 1/26/24  P. v. Stuart CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C098635 |
| Plaintiff and Respondent, | (Super. Ct. No. STKCRFE20200008121) |
| v. | |
| ANTHONY DEMONE STUART, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Anthony Demone Stuart has asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant filed a supplemental brief which we understand to challenge the evidence supporting a portion of the trial court's restitution award.  Having reviewed defendant's arguments and finding no arguable error that would result in a disposition more favorable to defendant, we affirm the trial court's order.

1

On August 9, 2021, a jury found defendant guilty of second degree murder with two firearm enhancements and illegal possession of a firearm. The trial court determined defendant had suffered a prior strike and sentenced him to an aggregate prison term of 55 years to life plus 16 months.[1] We upheld these convictions in an unpublished opinion but remanded the matter for the trial court to consider its sentencing discretion consistent with *People v. Tirado* (2022) 12 Cal.5th 688. (*People v. Stuart* (Mar. 8, 2023, C094818).)

On November 8, 2021, the San Joaquin County District Attorney's Office sent defendant a letter informing him he owed $16,069.45 in victim restitution and requesting defendant execute a stipulation and waiver of the restitution hearing. Defendant requested a restitution hearing.

Thereafter, on April 11, 2023, defendant's *Marsden*[2] motion to replace his attorney was denied when defendant indicated he wanted to represent himself. Thereafter, the trial court granted defendant's *Faretta*[3] motion and his appointed counsel was relieved.

The contested restitution hearing took place on April 25, 2023. Defendant's motion to recuse the judge at the outset of the hearing was denied as untimely. Thereafter, the People presented certified records documenting $9,424.35 in funeral home expenses and $6,645.10 in cemetery expenses. Defendant objected that the paperwork for the $6,645.10 expense did not reflect that payment had been made and that

---

[1] At sentencing, the trial court ordered restitution in an amount to be determined and reserved jurisdiction for that purpose. (Pen. Code, § 1202.4, subd. (f).)

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

[3] *Faretta v. California* (1975) 422 U.S. 806.

portions of the document were illegible.  The trial court found the two bills corresponded to each other and admitted the exhibits over defendant's objection.  Accordingly, the trial court awarded a total of $16,069.45 in victim restitution with $7,500 payable to the Victim Compensation Board and $8,569.45 payable to W.H.  Defendant timely appealed.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed.  Defendant filed a supplemental brief challenging a portion of the trial court's restitution order.  He accepts the validity of the trial court's award of $9,424.35 for funeral expenses, but challenges the remaining award of $6,645.10 in cemetery expenses on the ground that there is insufficient evidence supporting the award.

We have located no published authority that speaks to the applicability of *Wende* procedures to an appeal from a trial court's original order setting victim restitution where the court reserved jurisdiction at the original sentencing hearing.  (Pen. Code, §§ 1202.4, subd. (f), 1202.46.)  Nonetheless, because defendant's contested restitution hearing was part of his original criminal prosecution and a continuation of sentencing (*People v. Dehle* (2008) 166 Cal.App.4th 1380, 1386), we have reviewed the record in accordance with *Wende*.  Having done so, including the consideration of defendant's arguments, we find no arguable issue that could result in a disposition more favorable to defendant.

"Restitution is constitutionally and statutorily mandated in California.  ([Citation]; Cal. Const., art. I, § 28, subd. (b).)  The constitutional mandate for restitution is carried out through Penal Code section 1202.4 . . . ."  (*People v. Keichler* (2005) 129 Cal.App.4th 1039, 1045, fn. omitted.)  Penal Code section 1202.4, subdivision (f) provides in part:  "Except as provided in subdivisions (q) and (r), in every case in which a

3

victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. . . . The court shall order full restitution." (Pen. Code, § 1202.4, subd. (f).)

"The standard of proof at a restitution hearing is preponderance of the evidence, not reasonable doubt." (*People v. Holmberg* (2011) 195 Cal.App.4th 1310, 1319.) The victim must make "a prima facie showing of economic losses incurred as a result of the defendant's criminal acts," and once the victim does so, "the burden shifts to the defendant to disprove the amount of losses claimed by the victim." (*People v. Taylor* (2011) 197 Cal.App.4th 757, 761.)

We review a restitution order for abuse of discretion, broadly and liberally construing a victim's restitution right. (*People v. Taylor, supra*, 197 Cal.App.4th at p. 761.) " ' "When there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court." ' " (*People v. Holmberg, supra*, 195 Cal.App.4th at p. 1320.)

Here, defendant does not challenge that funeral and burial expenses incurred by the family of a murder victim are subject to a victim restitution order. (Pen. Code, § 1202.4, subd. (f)(4)(B); *People v. Rojas* (2023) 95 Cal.App.5th 48.) Defendant only challenges the $6,645.10 portion of the restitution award corresponding to the expenses the victim incurred at the Roselawn Cemetery. The victim provided a document evidencing this expense to the California Victim Compensation Board (the Board) and that certified document was presented as evidence at the restitution hearing. As acknowledged in the trial court, certain portions of the document are illegible. However, the document clearly reflects that Roselawn Cemetery entered into an agreement with W.H. dated August 10, 2020, for a single grave and that $6,645.10 had to be prepaid within 48 hours of the funeral. Moreover, Chapel of Chimes is identified as the funeral

4

director, and the Board certified that W.H. paid Chapel of Chimes for a graveside service. We also note that the Board's nonpayment of the $6,645.10 in cemetery expenses was not for lack of documentation, but because W.H. had already received the maximum allowable amount for funeral and burial expenses. Accordingly, we find a factual and rational basis supporting the trial court's restitution award of $6,645.10 for expenses incurred from Roselawn Cemetery (*People v. Holmberg, supra*, 195 Cal.App.4th at p. 1320) and will affirm the trial court's restitution order.

## DISPOSITION

The trial court's order is affirmed.


/s/
Ashworth, J.*


We concur:


/s/
Earl, P. J.


/s/
Krause, J.


---

*       Judge of the El Dorado County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5